**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| In re: Building Materials Corporation of America Asphalt Roofing Shingle Products Liability Litigation, | ) ) ) ) | MDL No.: 8:11-mn-02000-JMC |
| Michael Ragan, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 8:12-cv-00095-JMC |
| vs. | ) ) | **OPINION AND ORDER** |
| Building Materials Corporation of America, d/b/a GAF Materials Corporation, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant Building Materials Corporation of America, d/b/a GAF Materials Corporation's ("GAF"), Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 34]. The motion is fully briefed and ripe for disposition.

**FACTUAL AND PROCEDURAL BACKGROUND**

GAF is a Delaware corporation with its principal place of business in Wayne, New Jersey. It manufactures roofing materials, including asphalt roofing shingles marketed under the Timberline® brand name, in facilities located across the United States and sells these shingles nationwide. Plaintiff Michael Ragan ("Ragan") is a homeowner in Espyville, Pennsylvania, who alleges that he arranged for the purchase and installation of Timberline® shingles on the roof of his home in October 1999. In purchasing the shingles, Ragan contends that he and his installing contractor relied on certain representations made by GAF and its agents, including, but not

1

limited to, promotional statements marketing the shingles as having superior durability qualities and expressly warranting on the shingle packaging that the product complied with ASTM International ("ASTM") industrial standard D3462.  He further alleges that the shingles installed on his roof were manufactured and sold to him with a latent defect that causes the shingles to prematurely crack, of which GAF was aware but intentionally failed to disclose to Ragan and other consumers.

This court dismissed seven of the eight causes of action in Ragan's First Amended Complaint, which were for breach of express and implied warranties (counts I and II); negligence and negligent failure to instruct or warn (counts III and IV); violation of the New Jersey Consumer Fraud Act ("NJCFA") (count V); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (count VI); fraudulent concealment/equitable tolling (count VIII); and declaratory and injunctive relief (count VII) arising from GAF's sale of the allegedly defective roofing shingles.  Plaintiff's breach of express warranty claim survived but the remaining seven counts were dismissed.  Plaintiff filed his Second Amended Complaint on May 30, 2013, on behalf of a prospective class, for breach of express warranty (count I), negligence and negligent failure to instruct or warn (counts II and III), consumer fraud under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (count IV), declaratory and injunctive relief (count V) and fraudulent concealment/equitable tolling (count VI).  GAF has moved to dismiss the Second Amended Complaint in its entirety.

## LEGAL STANDARD

**Standard of Review**

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

# DISCUSSION

**Warranty Disclaimer**

GAF contends that the court should dismiss Ragan's warranty claims because GAF effectively disclaimed all express and implied warranties except as set forth in GAF's Smart Choice Shingle Limited Warranty ("Smart Choice Warranty"). [Dkt. No. 34]. As this court previously found, Pennsylvania statutory law allows for the exclusion or modification of warranties. 13 Pa. Cons. Stat. § 2316. In his Second Amended Complaint, Ragan alleges that "express warranties provided by GAF included warranties that GAF Timberline shingles were fit and suitable for use on homes and other structures, would be non-defective and merchantable, and complied with ASTM D3462. Such warranties were made in the product literature described in the First Amended Complaint and on the packaging of the shingles." Compl. ¶ 160. As represented by Linda Marion, and not disputed by Ragan, the Smart Choice Warranty was affixed to every package of GAF shingles. *See* Affidavit of Linda Marion, GAF Warranty Claims Manager [Dkt. No. 20-6]. The Smart Choice Warranty explicitly limits coverage and provides for a "**Sole and Exclusive Warranty**" that is "EXCLUSIVE AND REPLACES ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE." [Dkt. No. 20-7] (emphasis in original). Therefore, the court concluded in its prior Order that the disclaimer complies with the statute allowing exclusion or modification of warranties. [Dkt. No. 30]. Ragan does not seek reconsideration of the court's finding on the statutory compliance but again argues that GAF's disclaimer and efforts to limit its express warranties fail because the Smart Choice Warranty is unconscionable.

Ragan contends that the warranty disclaimers and remedial limitations found in GAF's Smart Choice Warranty are unconscionable and unenforceable against him and members of the purported class because GAF knew of the alleged defects in the shingles when it sold them and concealed the defects from consumers to induce sales and avoid its obligations under its warranty. Compl. ¶¶ 67, 77, 102, 104.

The Pennsylvania Supreme Court "has found that the common-law application of the doctrine of unconscionability is largely consonant with Section 208 of the Second Restatement of Contracts." *Bayne v. Smith*, 965 A.2d 265, 267 (Pa. Super. Ct. 2009).

> [A] contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it. The aspects entailing lack of meaningful choice and unreasonableness have been termed procedural and substantive unconscionability, respectively. The burden of proof generally concerning both elements has been allocated to the party challenging the agreement, and the ultimate determination of unconscionability is for the courts.

*Id.* (internal citations omitted).

In the Second Amended Complaint, Ragan makes repeated allegations regarding GAF's knowledge concerning the alleged defective condition of the shingles. Compl. ¶¶ 124-126. Ragan has alleged that GAF "possessed superior knowledge concerning the defective condition of the shingles, which Ragan and the purported class members did not possess at the time of purchase, thereby placing Ragan and the Class members in a significantly inferior bargaining position at the time of purchase." *Id.* ¶ 126. Applying the appropriate lenient motion to dismiss standard, the court finds that Ragan has now sufficiently alleged that the warranty disclaimer was unconscionable or unenforceable. *See Erickson v. Building Materials Corporation of America*, Civil Action No. 11-cv-3085-JMC (D.S.C. 2011), [Dkt. No. 31]. Ragan has alleged that the warranties fail of their essential purpose, that GAF possessed superior bargaining power, that the

5

defects in the shingles were latent, that GAF knew of the defect but fraudulently concealed it. Compl. ¶¶ 74-77, 124-126, 209. Therefore, the motion to dismiss Ragan's warranty claims is DENIED.[1]

**Effect of Economic Loss Doctrine on Tort and Fraud Claims**

    **A. Negligence Claims**

GAF further contends that Ragan's renewed claims of negligence are barred by Pennsylvania's economic loss rule and, therefore, should be dismissed.

As previously noted, under Pennsylvania law, "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Adams v. Copper Beach Townhome Communities, L.P.*, 816 A.2d 301, 305 (Pa. Super. 2003).

> Economic losses are defined as damages for inadequate value, costs of repair and replacement of the defective product, or consequential loss of property, without any claim of personal injury or damage to other property. To avoid application of the economic loss doctrine, plaintiffs must articulate harm that is distinct from the disappointed expectations evolving solely from an agreement.

*Fleisher v. Fiber Composites, LLC*, Civil Action No. 12–1326, 2012 WL 5381381, at *9 (E.D. Pa. Nov. 2, 2012) (citations and quotation marks omitted).

The court previously found that Ragan failed to sufficiently allege damage to "other property" as required under Pennsylvania law. In an attempt to rectify this, in the Second Amended Complaint, Ragan alleges that "[t]he installation of defective GAF Timberline Shingles on [Ragan's] home caused damage to the entire structure, not simply just the shingles themselves." Compl. ¶ 135. He further claims that "[a]bsent Timberline's defects and Defendant's concealment and misrepresentation regarding the shingles, Plaintiff would not have experienced an unnecessary cycle of installation and removal of the shingles and would have

---

[1] GAF's argument that Ragan did not properly comply with the notice requirements under the express warranty is a factual question not appropriate to determine on a motion to dismiss. The court finds Ragan has sufficiently alleged that he notified GAF of the breach of warranty for purposes of this Motion.

reduced the wear and tear on the roof structure." *Id.* These newly added "allegations" are still merely conclusory statements concerning speculative or hypothetical damage to the structure of the property. While Ragan attempts to distinguish between the shingles and the building structure, the court need not decide whether the structure and the shingles should be considered integrated or separate components, because he still fails to allege any specific damage to the structure. Arguing that because nails are necessary to attach the shingles to the roof and thus damage must have occurred is not only a conclusory statement but is also a "consequential damage resulting from the replacement of the defective product" [Dkt. No. 30]. As GAF points out, all shingles require installation and replacement of the shingles is a consequence of the defective product.[2] Therefore, the court finds that Ragan's negligence claims (Counts II and III) are properly dismissed under Pennsylvania's economic loss doctrine.[3]

### B. Fraud Claims

GAF additionally asserts that Ragan's renewed fraud claims under Pennsylvania law are also barred by the economic loss doctrine because they do not allege damage to other property and because they are intertwined with Ragan's warranty claims. Pennsylvania state courts have not settled whether fraud and unfair and deceptive trade practices claims are barred by the economic loss rule. However, the United States Court of Appeals for the Third Circuit has found such claims barred, noting that

> The economic loss doctrine is designed to place a check on limitless liability for manufacturers and establish clear boundaries between tort and contract law. Carving out an exception for intentional fraud would eliminate that check on

---

[2] Plaintiff's reliance on *Stonhard v. Advanced Glassfiber Yarns, Inc.* is unpersuasive. In that case, the counterclaim for damage to the original flooring alleged very specific damage in that the original floor (to which the subsequent, defective floor was attached) had to be "scraped, ground, cut up and dug up in the process of removing the defective flooring system which was chemically bonded to it." 2001 WL 1807359 at *2. Thus, the damages alleged in that case, unlike the case at bar, were not speculative and hypothetical.

[3] As a result, the court need not address GAF's contention that these claims would be barred under the warranty applicable to the shingles.

> liability and blur the boundaries between the two areas of law, thus exposing manufacturers to substantially greater liability.

*Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680-81 (3d Cir. 2002). Moreover, the damage cannot just be to the "product itself." *Id.* The Third Circuit acknowledged, as has Ragan in his Response to GAF's Motion, that there is a limited exception to the economic loss rule for those claims of fraud which arise independently and apart from the alleged contractual obligations. *Id.* at 676.

Ragan disputes the applicability of *Werwinski* here for two reasons: first, he argues as he did above that he has sufficiently alleged damage to property other than the product itself and second, that his claims are not interwoven with the express warranty claims but are instead based on GAF's "fraud, fraudulent inducement, false pretenses, false promises, misrepresentations, misleading statements and deceptive practices." Response at 15 [Dkt. No. 35]. For the reasons laid out above in the analysis of Ragan's negligence claims in relation to the economic loss doctrine, the court disagrees that Ragan has sufficiently alleged non-speculative, non-conclusory damage to other property. Next, upon review of the Second Amended Complaint, the court again determines that Ragan relies upon the alleged representations concerning the ASTM certification and the useful life of the shingles in such a way that the fraud claims are intertwined, similar to the relationship of the claims in *Werwinski*. Specifically, Ragan alleges that the shingles would protect the purchasers' homes and last for forty years. These allegations are clearly related to and intertwined with the allegation that the shingles "were warranted and would perform adequately for 30, 40 or more years." Compl. ¶ 162. Accordingly, the court finds that Ragan's Pennsylvania law fraud based claims are also barred by the economic loss doctrine and must be dismissed.

**Declaratory and Injunctive Relief**

Finally, GAF again seeks dismissal of Ragan's claims for a declaratory judgment and injunctive relief on the basis that Ragan has only asserted remedies and not independent causes of action. Ragan does not challenge this dismissal. [Dkt. No. 35 at 2, n. 2]. As the court found in its prior order, under Pennsylvania law, claims for declaratory and injunctive relief are more in the nature of alternative remedies that may be awarded once a party prevails on a proper cause of action, and not causes of action to be pursued independent of an underlying claim. *See Volunteer Firemen's Ins. Services, Inc. v. Fuller*, Civil No. 1:12–CV–2016, 2012 WL 6681802, at *12 (M.D. Pa. Dec. 21, 2012). While Ragan may request declaratory and injunctive relief as remedies where appropriate based on properly stated causes of action, the Second Amended Complaint again fails to state an independent basis for either declaratory or injunctive relief separate and apart from the other causes of action. Therefore, the court shall consider Ragan's claims for injunctive and declaratory relief as alternative and/or additional remedies for the causes of action already asserted but dismiss the claims as independent causes of action.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** GAF Materials Corporation's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 34] as set forth herein. GAF is ordered to file an answer to the appropriate portions of the Second Amended Complaint by August 30, 2013. **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 9, 2013
Greenville, South Carolina

9